*535 OPINION of the Court, by
Judge Owseet
—On the first day of March 1787, in the state of Pennsylvania-, Edward Cook, the ancestor of the appellee, and the appellant, as appears by a writing exhibited in this re-cord, entered into an article of agreement; and after reciting that the said Edward apprehended lip was possessed of a tract of land containing 1500 acres, on the waters of Green river and then state of Virginia, states that Gibbs agreed to purchase the said Edward’s right to the land ; for which, and in part of the purchase, Gibbs gave a horse ; and if the title should he made good to him, he agrfecd to pay forty pounds more in lawful money, Pennsylvania currency; but if the title could not be made good, then the said Edward was to pay Gibbs twenty pounds like money, and gave him an as-ón signment of a bond in his hands for forty pounds, John Crow, of Kentucky. ,
Cook having failed to convey the land according to the import of the article, Gibbs, in October 1805, exhibited his bill in the circuit cotirt of Ohio, where the land lies, for the purpose of coercing a specific execution of the agreement; and Cook being a nonresident, and failing to answer after due publication of an order for that purpose, a decree^was pronounced, upon the hill being taken for confessed, ordering Cook to convey the land.
Subsequent to this, but after Cook had departed this life, his son and heir, James Cook, the .present appellee, upon petition for that purpose, obtained an order of the court setting aside the decree, and filed his answer to the bill.
By the answer the appellee denies having any knowledge of the execution of the article by bis ancestor, and puts the appellant upon the proof ther eof; and moreover *536 alleges, if it was executed, that by a subsequent agreement the contract was cancelled, and insists upon the. staleness of the demand furnishing an insuperable bap to the relief sought.
Upon hearing the cause in the court below, and with* out any exceptions being taken by the appellee to the depositions of the appellant, but upon an express agreement of the parties that the depositions should be read, reserving all legal objections to their truth, that court being of opinion the execution of the article was not suf* ficiently proven, dismissed the bill with costs.
Tiie article appears to have been attested by two witnesses, neither of whose depositions has been taken in the cause ; but as the parties to the agreement and the. witnesses are all proven to have resided in the state of Pennsylvania at the time it should have been entered into, and as no circumstance is shown conducing in the slightest manner to prove either of the witnesses was ever in this country, proof (such as has been made in the present case) of the hand writing of the obligor Cook, and one of the witnesses, who is also proven to be dead, is clearly, according to the settled rules of evidence, sufficient evidence of the execution of the article.
But were we mistaken in this position, still we should he of opinion, as the depositions proving the hand writing were admitted without exceptions, that it was then, too late to question the necessity of further proof, either of the absence or death of the attesting witnesses.
Proof of the death or absence of the subscribing witnesses is necessary only for the purpose of making competent evidence of their hand writing; and hence whenever, as in this case, the competency is acknowledged by admitting the depositions proving the hand writing to be used, it would be perfectly nugatory to require further evidence for the purpose of showing the admitted, evidence is competent.
Assuming then that the article of agreement was executed by the ancestor, Edward Cook, (.lie question occurs, has that agreement been thereafter cancelled by the parties i
For the purpose of proving a cancelment of tha agreement, the depositions of the widow of Cook, and a certain Rebecca M'Grew, have been taken ; but as the widow only gives her understanding, without even stating how or from whom it was obtained, her deposition *537 is entitled to but little consideration. With respect to the other deposition, she does it is true state positively the agreement was, sometime after it was entered into, set aside by the parties ; and that Cook, in consequence of the cancelment of the contract, and in payment for the horse be had received from Gibbs for the land, assigned to Gibbs the bond mentioned in the article of agreement upon John Crow, &c. But this evidence is not only opposed by other evidence in the cause, but completely refuted by various concurring circumstances. The obligation upon John Crow it is true appears to have been assigned to Gibbs ; but that, circumstance, so far from confirming the evidence of M’Grew, as the assignment purports to have been made on the same day the article of agreei ent was executed, contravenes her statement of its havug hem made in consequence of a subsequent annulment of ue contract of sale.
That the assignment was not- made for the purpose she represents, is also evident from the deposition of William Crow and William P. Gibbs. By the former of these witnesses Cook is proven to have represented in a letter to him, that although the bond was assigned to Gibbs, that Gibbs was not to coerce payment from Crow unless the land sold to Gibbs should be lost: and in consequence of that letter, Gibbs actually paid the amount of the judgment which had been recovered against Crow upon the bond, by his assignee ; and that Crow has never since been compelled to pay the same: and by the other witness it is proven that when, at the instance of Gibbs, he demanded in 1804 a conveyance from Cook, that although Cook failed to convey, lie refused to do so, not on the ground of a cancelment of the contract, but as it had been of long standing, contended he ought to be paid one hundred pounds more or upwards, including the interest.
The evidence of these witnesses is, moreover, further confirmed, and that of M’Grew repelled by a letter exhibited in the record, purporting to have been written by Cook, and in which he tells Gibbs that he was informed by a letter from Crow that he had put the note insuit,but which by their agreement was not to have been done unless the right to the land could not be obtained,, &c.
This letter it is true is contended by the appellee not to have been written by Copkq and some evidence has *538 been taken in the cause to show it not to be in his hand writing; but other evidence is also taken on the part of Gibbs, proving the letter to be in the hand writing of Cook ; and when taken in connection with the evidence of Crow before mentioned, satisfactorily shows the letter to have been written by Cook.
Hence, under these circumstances, we are constrained to believe that no annulment of the contract was ever agreed upon by the parties ; and consequently, -unless repelled by the staleness of the demand, Gibbs should be relieved.
With respect to the staleness of the demand, we have no doubt it ought not to preclude a recovery. Near twenty years had, it is true, elapsed between the making of the contract and the commencement of the suit; but that delay will be perceived not unreasonable when it is recollected Cook has never resided in this country, where thelandlies; that Gibbs hasnearly eversincethe contract was made resided here, and those claiming under him have for a considerable time been possessed and made valuable improvements upon the land.
The decree must be reversed with costs, the cause re-mantled, and a decree there entered for a specific execution of the contract according to the principles of this opinion.